UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| FANTASIA DISTRIBUTION, INC., | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | No. 14-cv-01546 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| RAND WHOLESALE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Fantasia Distribution, Inc. brought this suit against Defendant Rand Wholesale, Inc., alleging trademark infringement (Count One) and false designation of origin (Count Two), in violation of Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), and common-law unfair competition (Count Three). R. 1, Compl. Rand has moved to dismiss all three claims. R. 12, Mot. Dismiss. For the reasons below, the motion is denied.[1]

## I. Background

Fantasia is a manufacturer and distributor of hookah tobacco products. Compl. ¶ 3. Between 2011 and 2013, Fantasia registered trademarks for five of its traditional hookah flavors: Adios, 4PLAY, Ice, Magic Dragon, and Surfer. *Id.* ¶ 8. Beginning in 2013, with the rise of the electronic tobacco market, Fantasia began marketing and selling "e-hookahs" in its traditional tobacco flavors. *Id.* ¶¶ 5, 9.

---

[1]The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a)-(b), and 1367(a). Citation to this Court's docket is noted as "R. [docket entry number]."

Recently, Fantasia discovered that Rand has been distributing e-hookahs whose outward appearances are, according to Fantasia, virtually indistinguishable from Fantasia's products. *Id.* ¶¶ 6, 12. Rand did not purchase the products from Fantasia. *Id.* ¶¶ 6, 12. And, having compared the two products, Fantasia alleges that Rand's products are of inferior quality, are sold at cut-rate prices, and do not even simulate the Fantasia flavors that they outwardly resemble. *Id.* ¶¶ 6, 13. As a result, Fantasia alleges that its sales and profits have been impacted. *Id.* ¶ 13.

In March 2014, Fantasia brought this action against Rand. Count One of Fantasia's complaint alleges that Rand has infringed Fantasia's trademarks and trade dress by selling confusingly similar imitations of Fantasia's products. *Id.* ¶¶ 16-17. Count Two alleges that, by selling counterfeit goods bearing Fantasia's marks, Rand has falsely designated the origin of its products. *Id.* ¶ 24. And Count Three alleges that Rand has engaged in unfair competition by using Fantasia's marks to sell inferior and underpriced imitations of Fantasia's products. *Id.* ¶¶ 30, 31. Rand now moves to dismiss each claim.

## II. Legal Standard

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A "complaint must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. And the allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 679.

### III. Analysis

In its motion to dismiss, Rand contends that Fantasia's claims under the Lanham Act must fail because Fantasia's trademark registrations do not extend protection to its e-hookah products. Mot. Dismiss ¶¶ 4, 6. Rand attaches to its motion a copy of the U.S. Patent and Trademark Office (PTO) search results for Fantasia's registered trademarks.[2] *See* R. 12-2, PTO Results. The goods and services associated with the five asserted marks (each of which represents a different flavor of Fantasia's products) are "Hookah tobacco; Molasses tobacco; Smoking tobacco; Tobacco." *Id.* E-hookahs do not contain tobacco.[3] As a result, Rand contends that "Fantasia's Complaint is bereft of allegations that it has a protectable

---

[2]Generally, a district court may not consider matters outside the pleadings without converting a motion to dismiss into a motion for summary judgment. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). But the Seventh Circuit has recognized that "documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994). Additionally, "a district court [may] take judicial notice of matters of public record without converting a motion for failure to state a claim into a motion for summary judgment." *Gen Elec.*, 128 F.3d at 1080. Here, the parties agree that the PTO search results relate to Fantasia's trademark registrations (which were referred to in the complaint) and are publicly available. Accordingly, those documents can properly be considered part of the pleadings.

[3]Rand also attaches materials to its motion to prove that e-hookahs do not contain tobacco. That undisputed fact can be accepted without reference to external materials. Accordingly, the Court does not consider the article and web page attached to Rand's motion to dismiss.

interest in its marks in connection with electronic hookah devices, as its registration extends only to tobacco and not to personal vaporization devices, such as the e-hookah." Mot. Dismiss at 4.

Rand's contention is meritless. Section 43(a) of the Lanham Act affords protection to qualifying, unregistered trademarks and trade dress, alongside the protections afforded to registered trademarks by Section 32. *See Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 768 (1992).[4] In other words, even if Fantasia had not registered *any* of the asserted marks, it could still claim a protectable interest in them. Moreover, trademark protection is not necessarily limited to the precise goods and services for which registration was obtained. "[T]he rights of an owner of a registered trademark extend to any goods that might be, in the minds of consumers, 'related.'" *CAE, Inc. v. Clean Air Eng'g, Inc.*, 267 F.3d 660, 679 (7th Cir. 2001). "'Closely related'" products are those that would reasonably be thought by the buying public to come from the same source, or thought to be affiliated with, connected with, or sponsored by, the trademark owner." *Id.* (internal quotation marks and citation omitted).

---

[4]Two sections of the Lanham Act play a role in Fantasia's infringement contentions: Section 32, 15 U.S.C. § 1114, and Section 43(a), 15 U.S.C. § 1125(a). Section 32 addresses infringement of registered marks. 15 U.S.C. § 1114. And the Supreme Court has held that a plaintiff may allege infringement of an unregistered trademark under the broader protections of Section 43(a). *See Two Pesos*, 505 U.S. 763, 768 (1992). The heading to Count One of Fantasia's complaint reads "Trademark Infringement Under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125 (a))." And Paragraph 19, within Count One, alleges that "Defendant's conduct constitutes counterfeiting and infringement of Fantasia's marks in violation of Fantasia's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114." Together, Fantasia has adequately pled a claim of infringement under both sections. *See also* Compl. ¶ 19 (alleging violations of "15 U.S.C. §§ 1114, 1116, and 1125(a)").

For these reasons, Rand's contention that Fantasia has no registered trademarks for e-hookahs is irrelevant. Fantasia's complaint clearly alleges that Rand has infringed Fantasia's registered marks, Compl. ¶ 13, as well as its common law marks, *id.*, and its unregistered trade dress, *id.* ¶ 16. Any one of those interests could individually support Fantasia's claims. Rand argues that Fantasia does not adequately plead the *existence* or *validity* of common law marks or trade dress. R. 20, Rand Reply Br. at 5-6 (emphasis added). But Rand overstates Fantasia's burden under the notice-pleading standard. The Seventh Circuit has held "time and again … there is no requirement in federal suits of pleading the facts or the elements of a claim." *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002). "All that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). Yes, there is a plausibility standard that must be met, but hyper-technical fact pleading is not required.

"To prevail on a Lanham Act claim, a plaintiff must establish that (1) [its] mark is protectable, and (2) the defendant's use of the mark is likely to cause confusion among consumers." *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 638 (7th Cir. 2001). Here, Fantasia asserts ownership of registered marks, which are presumed to be valid, *see id.*, and common law marks and trade dress, which have gained "name recognition" as a result of their use in commerce, Compl. ¶ 7. Fantasia also alleges that Rand's "infringing activities are likely to cause and actually are causing confusion … as to the origin and quality of Defendant Rand's

5

counterfeit goods." *Id.* ¶ 17; *see also id.* ¶¶ 23, 31. Accordingly, Fantasia has adequately pled both elements of a Lanham Act claim. Whether its marks are, in fact, valid and infringed are questions of fact for a later stage in the litigation.

With regard to Fantasia's registered marks, Rand argues that Fantasia has not properly pled facts bringing its claims within the related goods doctrine. Rand Reply Br. at 7. Specifically, Rand argues that "Fantasia does not allege that consumers will confuse Rand e-hookahs with the tobacco products for which it has acquired registration, or even that consumers will believe that Rand's products came from the same manufacturer as Fantasia's tobacco products." *Id.* As explained above, under a notice-pleading standard, Fantasia need not plead every theory of recovery in its complaint. *Int'l Mktg., Ltd. v. Archer-Daniels-Midland Co., Inc.*, 192 F.3d 724, 733 (7th Cir. 1999) ("The only function the pleadings must serve is to give notice of the claim; the development of legal theories and the correlation of facts to theory come later in the process."). Even so, Rand is incorrect. Fantasia clearly alleges that Rand's infringement is likely to cause confusion as to the origin of Rand's products—without limitation to a particular tobacco or e-hookah product. Compl. ¶¶ 17, 23, 31. Whether traditional tobacco hookahs and e-hookahs are "related in the minds of consumers in the sense that a single producer is likely to put out both goods," for the purposes of the related goods doctrine, is another question of fact that cannot be resolved at the motion-to-dismiss stage. *See Fortres Grand Corp. v. Warner Bros. Entm't*, 763 F.3d 696, 703 (7th Cir. 2014).

6

## IV. Conclusion

For all of these reasons, Rand's motion to dismiss Counts One and Two of the complaint (Fantasia's Lanham Act claims) is denied. Rand's motion to dismiss Count Three (alleging common law unfair competition) is premised only on a lack of federal-question jurisdiction in the absence of the Lanham Act claims. *See* Rand Br. ¶ 13; Rand Reply Br. at 8. Because the federal claims have survived, and Fantasia has adequately pleaded common law rights in its marks, Rand's motion to dismiss is denied as to Count Three as well.[5]

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: December 10, 2014

---

[5] In support of its opposition to Rand's motion to dismiss, Fantasia filed a request [R. 17] that, "if the Court considers materials outside the pleadings other than its trademark registrations, Fantasia should be permitted to present evidence of the type it presented in a related case …." The Court did not consider materials outside the pleadings other than Fantasia's trademark registrations. And, in any event, additional supporting materials are unnecessary because Rand's motion to dismiss is denied in its entirety. Accordingly, Fantasia's request for the Court to take judicial notice of those additional materials is denied.

7